# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-752V**
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
PETER C. HARRINGTON,
Petitioner,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES,
Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: August 16, 2018

Attorney's Fees and Costs

*Jeffrey C. Adams*, Largo, FL, for Petitioner.

*Amy P. Kokot*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 17, 2015, Peter Harrington filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on October 24, 2014. Petition ("Pet.") (ECF No. 1) at 1. In lieu of an entitlement hearing, I determined to resolve the case based upon the filed records, and had the parties brief the matter, with Petitioner filing his brief on July 20, 2017 (ECF No. 24), and Respondent filing his opposition

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). This means that the ruling will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

brief on August 31, 2017 (ECF No. 24). I issued my Decision denying entitlement on January 19, 2018, and it was upheld on review. *See Harrington v. Sec'y of Health & Human Servs.*, No. 15-752V, 2018 WL 1125831 (Fed. Cl. Spec. Mstr. Jan. 19, 2018), *mot. for rev. den'd,* slip op. at 2 (Fed. Cl. July 10, 2018).

Petitioner has now requested a final award of attorney's fees and costs in the total amount of $22,770.00 representing the totality of attorney's fees. *See generally* Petitioner's Motion for Attorney Fees, ECF No. 29 ("Fees App."), at 4-5 (dated February 24, 2018). In compliance with General Order No. 9, Petitioner states that he did not file a retainer, nor did he incur any costs or expenses in this litigation. ECF No. 34. Respondent reacted to the motion on February 26, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for a final award of fees and costs. ECF No. 30 at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and recommends that if an award is appropriate, I calculate a reasonable award. *Id.*

For the reasons stated below, I hereby **GRANT** Petitioner's Motion, making a final award of attorney's fees and costs in the total amount of **$22,770.00**.

## ANALYSIS

### I. Legal Standard Applicable to Fees and Costs Requests

Unsuccessful petitioners may be awarded reasonable fees and costs if, in the special master's exercise of discretion, such an award is appropriate (and, as in the case of successful claims, the requested fees and costs are reasonable). I have in other decisions addressed at length the legal standard applicable to evaluating the propriety of a fees request in an unsuccessful case *See, e.g, R.V. v. Sec'y of Health & Human Servs.*, No. 08–504V, 2016 WL 7575568 (Fed. Cl. Spec. Mstr. Nov. 28, 2016). The primary factors to be considered under such circumstances are whether (a) the petition was brought in good faith; and (b) there was reasonable basis for which the petition was brought. Section 15(e)(1); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). Determining whether a petition was filed in good faith is a subjective inquiry, and can be established as long as the petitioner demonstrates an honest belief that he has suffered a compensable injury. *See Lemaire v. Sec'y of Health & Human Servs.,* No. 13–681V, 2016 WL 5224400, at *3 (Fed. Cl. Spec. Mstr. Aug. 12, 2016). A claim's reasonable basis involves application of objective criteria which looks to the feasibility of the claim, and not to the claim's likelihood of success. *Lemaire*, 2016 WL 5224400, at *4.

Assuming reasonable basis has been established, determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the

lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Although Petitioner was not successful in pursuing his claim, I find that the matter had sufficient reasonable basis to justify a final award of fees. I do not doubt that Petitioner filed his claim in good faith, and the claim possessed objective support. Accordingly, a final award of attorney's fees and costs is proper.

## II. Amounts Requested for Fees and Costs

I must now determine the magnitude of Petitioner's interim attorney's fee award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Petitioner requests I compensate his counsel, Mr. Jeffrey Adams, at a rate of $300 per hour for all work performed from 2015-2018. Fees App. at 3. This appears to be the first time a special master has considered requested rates for Mr. Adams. Central to any rates request of first impression for a new attorney practicing in the Program is whether the attorney is entitled to forum rates based upon the framework first established in *McCulloch v. Sec'y of Health & Human Servs*.

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs*., No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sep. 1, 2015). Mr. Adams practices law in Largo, Florida, a city squarely within the Tampa Bay/St. Petersburg region of Florida. I have previously found that attorneys practicing in this region are entitled to forum rates. *Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496, at *4-7 (Fed. Cl. Spec. Mstr. Oct. 14, 2016) (Sarasota, Florida-based attorneys entitled to forum rates).

Since then, I and other special masters have consistently held that attorneys in Sarasota, Florida are entitled to forum rates under *McCulloch*. *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, No. 16-1394V, 2018 WL 3433343 (Fed. Cl. Spec. Mstr. June 8, 2018); *Dighero v. Sec'y of Health & Human Servs.*, No. 15-22V, 2018 WL 2224880 (Fed. Cl. Spec. Mstr. Apr. 6, 2018); *Lebron on behalf of L.L. v. Sec'y of Health & Human Servs.*, No. 16-1329V, 2018 WL 2224206 (Fed. Cl. Spec. Mstr. April 3, 2018). Sarasota, like Largo, is located within the Tampa Bay/St. Petersburg region of Florida. Accordingly, Mr. Adams may be awarded forum rates.

Next to be addressed is whether the specific hourly rate requested herein is reasonable. Petitioner warrants that Mr. Adams has been a licensed attorney in Florida since 2001. Fees App. at 3. Therefore, for the years during which Mr. Adams was working on this case (2015-2018), he was squarely within the 11-19 years of experience range on the Office of Special Masters ("OSM") Attorneys' Forum Hourly Rate Fee Schedule.[4] Petitioner's requested rate of $300 per hour for Mr. Adams places him within the established range for attorneys with 11-19 years of experience. I therefore find that $300 per hour is a reasonable rate for Mr. Adams.

In addition, the hours expended on this matter (75.9 hours in total) appear to be reasonable. The instant application for attorney's fees covers the entire litigation of this case, both before me and on appeal to the Court of Federal Claims. I do not fine any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested hours will be reimbursed in full. Accordingly, I will award **$22,770.00** in attorney's fees to Petitioner.

It does not appear that Petitioner has requested any costs to be reimbursed. The billing statement submitted with the fee application contains only entries related to work performed by counsel, evidenced by the fact that all of these entries are billed at $300 per hour. Furthermore, Petitioner's counsel has warranted that "[a]ll costs are limited to attorney fees filed in the Motion for Attorney fees." ECF No. 34. Accordingly, there are no costs awarded in this case.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees awards, and based on the foregoing, I **GRANT** Petitioner's motion for attorney's fees and

---

[4] The OSM Attorneys' Forum Hourly Rate Fee Schedules for various years can be found at http://www.cofc.uscourts.gov/node/2914. These schedules are based upon the *McCulloch* framework.

costs and award a total of **$22,770.00** in fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Jeffrey Adams, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

       **IT IS SO ORDERED.**

<div style="text-align:right">
s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Special Master
</div>

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.